IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| American United Life Insurance Company, | ) ) ) | Civil Action No. 7:12-1713-JMC-KFM |
| Plaintiff, | ) ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) ) | |
| Misty Williford, et al., | ) ) | |
| Defendants. | ) ) | |

      This matter is before the court on the plaintiff's motion to deposit funds to the court and to be dismissed from the case (doc. 39). In this interpleader[1] action, the defendants Debra Crane and Billy McKinney are proceeding *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

      The plaintiff is an insurance company duly organized and existing pursuant to the laws of the State of Indiana with its principle place of business in Indianapolis,

---

[1] Federal Rule of Civil Procedure 22 provides as follows, in pertinent part:
**Interpleader**
(a) Grounds.
    (1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
        (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
        (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
Fed.R.Civ.P. 22(a).

Indiana, lawfully doing business in the State of South Carolina. All of the defendants live in South Carolina.

Thomas McKinney ("Decedent") was employed by Crowder Construction Company ("Employer"). Employer established and maintained group life insurance coverage with the plaintiff insurance company for the benefit of its employees as part of an ERISA (29 U.S.C. § 1001 *et seq.*) governed employee welfare benefit plan ("the Plan"). Decedent was a covered insured under a basic group life insurance policy (Policy Number 604812-0000-000) issued to Employer ("the Policy"). The death benefit under the Policy is $110,000.00.

Pursuant to a document captioned "Group Health/Life Enrollment Form" dated November 25, 2003, Decedent designated Mariann Pearson Sherbert as the beneficiary under the Policy (doc. 1-1). On November 4, 2004, Decedent completed an open enrollment form, indicating that Ms. Sherbert remain his beneficiary (doc. 1-2). Ms. Sherbert died on August 30, 2008, and her estate is being or has been probated by the Spartanburg County Probate Court. Defendant Cayce M. Tate is her sole heir.

On March 12, 2005, Decedent sustained a closed head injury, which left him totally disabled, physically challenged, and with a diminished mental capacity. On August 16, 2005, Decedent's parents, Billy and Shirley McKinney, were appointed as guardians and conservators by the Cherokee County Probate Court. Their powers as conservators were restricted to the deposit of Decedent's disability check and to the expenditure of $1,200.00 per month of Decedent's assets to provide for his care.

Pursuant to a document captioned "Beneficiary Designation Under Group Life Insurance Policy" dated September 15, 2005, Decedent may have designated his daughter, defendant Misty Williford, as the beneficiary under the Policy (doc. 1-4). Subsequently, on a document captioned "Life Insurance Beneficiary" dated May 4, 2007, Decedent may have designated his mother, Shirley McKinney, as the beneficiary under the Policy (doc. 1-5). Shirley McKinney died on January 12, 2010.

On or about May 26, 2010, defendant Debra Crane, Decedent's sister, and defendant Billy McKinney, Decedent's father, were appointed as conservators by Cherokee County Probate Court. They were prohibited from expending Decedent's funds without a court order. On a form captioned "Beneficiary Designation Under Group Life Insurance Policy" dated June 1, 2010, Decedent may have designated Debra Crane as the beneficiary under the Policy (doc. 1-7).

Decedent died on or about June 12, 2010, and the Policy benefits are now subject to distribution. The Policy provides that the plaintiff will pay benefits due under the Policy upon proof of death. It also provides that if the named beneficiary predeceased the decedent, the plaintiff may pay the benefits to a surviving relative of the Decedent (doc. 1-8).

Defendants Crane, Tate, and Williford have filed claims asserting their sole interest in and requesting distribution of the entirety of the death benefit under the Policy. Each defendant challenges the authenticity and/or legality of the beneficiary designations pursuant to which their co-defendants assert their interests arise and, in some instances, the Decedent's capacity to effect said designations.

This action arises out of and is governed by ERISA and therefore presents a federal question. Accordingly, this court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because each of the defendants reside in the State of South Carolina, several of whom reside in Spartanburg County.

A dispute exists as to the proper beneficiary under the Policy. The plaintiff has received documentation that identifies various defendants as potential beneficiaries. The plaintiff is not able to determine which of the defendants is entitled to the Policy's proceeds, and the defendants' claims are such that the plaintiff may be exposed to double or multiple liability.

In its motion, the plaintiff asks this court to issue an order authorizing the deposit of funds with the court, dismissing the plaintiff from this action, allowing the action

3

to continue as between the remaining defendants, and awarding the plaintiff attorney's fees and costs. No party has filed opposition to the motion.

## APPLICABLE LAW AND ANALYSIS

"Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Coastal Rehabilitation Services, P.A. v. Cooper*, 255 F.Supp.2d 556, 558-59 (D.S.C. 2003) (citation omitted). "[T]he interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action." *Sun Life Assur. Co. of Canada v. Thomas*, 735 F.Supp. 730, 732 (W.D.Mich.1990) (citations omitted). "Absent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted." *Id.* at 733.

As noted above, the defendants filed no opposition to the plaintiff's motion. As set forth above, the plaintiff has received documentation that identifies various defendants as potential beneficiaries, and the plaintiff is not able to determine which of the defendants is entitled to the Policy's proceeds. The defendants' claims are such that the plaintiff may be exposed to double or multiple liability. Interpleader is, therefore, appropriate in this case. Accordingly, the plaintiff should be allowed to deposit the Policy's proceeds with the Clerk of Court in accordance with Local Civil Rule 67.01(B) DSC. Further, the plaintiff should be dismissed from this action with prejudice.

The plaintiff also seeks attorney's fees and costs associated with this action. Plaintiff's counsel submitted an affidavit stating that his client's current bill for legal services is $4,118.00 in attorney's fees and $738.20 in costs, for a total of $4,856.20 (doc. 39-1). "Federal courts have the authority to award within their discretion stakeholder costs, including a reasonable attorneys' fee in stakeholder actions." *Lindsey v. Primerica Life Ins. Co.*, No. 1:00CV00789, 2002 WL 1585908, at *1 (M.D.N.C. 2002) (citing *James Talcott, Inc.*

*v. Allahabad Bank, Ltd.*, 444 F.2d 451, 468 (5th Cir.1971)).  This court finds that $4,856.20 to be a reasonable award of attorney's fees and costs in this matter.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion (doc. 39) be granted.

IT IS SO RECOMMENDED.

                                            s/ Kevin F. McDonald
                                            United States Magistrate Judge

November 6, 2012
Greenville, South Carolina